(58 App. Div. 8.)

YUENGLING v. BETZ (eight cases).

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. ATTORNEY AND CLIENT—SUBSTITUTION—FEES—REFERENCE.

Under Gen. Rules Prac. rule 10, providing that an attorney may be changed by consent of the party or his attorney, or on application of the client, on cause shown, and on such terms as shall be just, a client who seeks to remove his attorneys without any charge of misconduct against them waives his right to have a jury trial on the amount of fees due them, and hence the court has power to order a reference to fix such fees before substitution.

2. SAME—BOND.

Where the trial court, on application of a defendant for removal of his attorneys, ordered a reference to ascertain the amount of fees due them, and it was shown that some of the actions in which they were retained would be reached for trial before the referee's decision could be given, a substitution of attorneys with an order directing transfer of papers should be ordered on defendant's giving bond for payment of the amount which should be found due.

Appeal from special term, New York county.

Eight actions by David G. Yuengling, Jr., against John F. Betz. From an order granting defendant's motion for a substitution of attorneys after a reference to ascertain the amount of fees due them, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.
Delancey Nicoll, for respondent.

O'BRIEN, J. The appellant, John F. Betz, was made defendant in eight suits in which he retained a firm of lawyers to appear for him. The attorneys interposed an answer in seven of the actions and tried one. In the eighth they simply entered a notice of appearance. None of the answers interposed contained a counterclaim. Mr. Betz became dissatisfied with his attorneys for some reason, and, after unsuccessfully endeavoring to have them consent to a substitution of other attorneys, made a motion for substitution, and for an order directing the attorneys to deliver up all his papers in their possession upon the execution of a bond to be given by him providing for the payment of such sums as might be awarded by a jury for the services of the attorneys in any action they might institute to recover fees due them in the actions pending, and also in other litigated and unlitigated matters in which they had represented Mr. Betz, and which were about 40 in number. The retainer of the attorneys and the fact that they had rendered services were not disputed, nor was any charge of misconduct, negligence, or abandonment made against them. But the defendant's position is that he had the right at his election to change his attorneys, and that upon his notifying them of such desire, and giving them a bond conditioned to pay them whatever their services were worth,—the same to be ascertained in an action brought by them, in which there should be a trial by jury,—it was their duty to give a consent of substitution, and to make delivery of all his papers. The attorneys, as stated, refused to consent to a substitution, and, upon the motion referred to, the court, recognizing the defendant's right to change his attorneys, granted the request, but directed that the substitution should be given, together with the papers which the attorneys had, upon payment to them of the amount of their fees first to be ascertained upon a reference. From the order so entered the defendant appeals.

Apart from the giving of the bond, the responsibility of the defendant is conceded, and therefore the single question presented is

as to the power of the court to order a reference to ascertain and fix the amount of the attorney's fees, and direct payment thereof, before the substitution shall be made and the papers delivered up. The defendant insists that upon giving the bond conditioned for the payment of the fees, to be ascertained after a trial by jury, he was entitled as matter of right to an immediate substitution. We do not regard the question in dispute between the parties as any longer an open one. By the construction given to rule 10 of the general rules of practice, and the decisions under it, the power of the court to order a reference to ascertain the amount due attorneys, instead of remitting them to an action at law, has been many times affirmed. We are, of course, referring to instances such as this, wherein, as stated, no charges of misconduct, negligence, or abandonment of the client's interests are made. Rule 10 (general rules of practice) provides:

"An attorney may be changed by consent of the party and his attorney or upon application of the client upon cause shown and upon such terms as shall be just, by the order of the court or a judge thereof, and not otherwise."

Where, therefore, under this rule, a client applies to the court for a summary remedy against his attorneys, he submits himself to the jurisdiction of the court, and must be held to have waived any right which in an action, if brought by them, he would have to a jury trial.

In City of Philadelphia v. Postal Tel. Cable Co., 1 App. Div. 387, 37 N. Y. Supp. 291, it was said:

"Where the client has made a summary application to remove his attorney, this court has the power to send it to a referee to fix his compensation. Ackerman v. Ackerman, 14 Abb. Prac. 230; Dimick v. Cooley, 3 Civ. Proc. R. 141, 151."

And in the Ackerman Case, cited, it was said:

"The power which the court exercises in the matter of an attorney's lien is an equitable one, in which the aid of a jury is not necessary, and cannot be demanded as matter of right."

See, also, Barkley v. Railroad Co., 42 App. Div. 597, 59 N. Y. Supp. 742, wherein it was said:

"The supreme court has jurisdiction to determine controversies arising out of the professional relations of attorneys and clients, and upon what terms attorneys shall be changed in pending actions, either upon motions or in a sundry special proceeding." Cases cited.

Without referring, therefore, to all the decisions bearing upon this subject, or to the cases cited by the appellant which are distinguishable in their facts from those presented upon this application, suffice it to say that we think the court, where the client makes no charges against the attorney, but merely elects to have a substitution, has undoubted power, before granting it, to impose such terms as are just; and, among others, to require that the amount of the compensation to be paid shall be ascertained upon a reference. The court is not bound to require attorneys to comply with a client's request which leaves them merely the right to bring an action to recover their fees, in which action the client is to have a trial by

jury. Although our conclusion, therefore, is that it was proper for the court to direct a reference, there are other facts here appearing, which we think require a slight modification of the terms of the order appealed from. It is shown that some of the actions against the defendant are ready for trial, and it is probable that they will be reached before the amount of the attorney's fees can be ascertained by the reference. As the client is admittedly responsible, and is able to give a bond, there is no apparent reason why he should be embarrassed in maintaining his defenses in the pending actions through the new attorneys whom he desires to represent him on the trials. We think, therefore, that immediate substitution and delivery of papers should be ordered upon the defendant's giving a bond conditioned for the payment of such sum as shall be found to be due upon the reference, and as ultimately fixed by the final order in the proceeding.

The order should be modified accordingly, and, as so modified, affirmed, without costs. All concur.