KELLOGG v. WAYNE CIRCUIT JUDGE.

MANDAMUS—ALTHOUGH RETURN OF JUDGE TO BE TAKEN AS TRUE WHERE ATTORNEYS INVOLVED CASE DISPOSED OF ON PROOFS.
 On mandamus to compel the circuit judge to set aside that part of an order requiring plaintiffs to pay an attorney fee as a condition to substitution of attorneys, although the Supreme Court might well have disposed of the case by applying the rule that the return of the circuit judge to the order to show cause must be accepted as true, in view of the fact that the conduct of attorneys, officers of the court, was involved, the Court has given consideration to the proofs and feels constrained to hold that the order of the circuit judge was justified.[1]

Mandamus by Louis Kellogg and another to compel Neil E. Reid, acting circuit judge of Wayne county, to vacate an order requiring the payment of an attorney's fee. Submitted October 7, 1924. (Calendar No. 31,410.) Writ denied December 10, 1924.

*Barbour & Martin,* for plaintiffs.

*Bresnahan & Groefsema (P. J. M. Hally,* of counsel), for defendant.

---

[1]Mandamus, 26 Cyc. p. 471.

SHARPE, J. In March, 1920, plaintiffs began suit in the Wayne circuit court against the Sinclair Refining Company to recover damages due to the negligence of the company in the operation of its gasoline and kerosene tanks on its property adjoining that of plaintiffs. Riggs & Baxter were plaintiffs' attorneys. On May 24, 1921, W. C. Campbell was substituted as their attorney. In June, 1922, he filed a bill in equity on behalf of the plaintiffs and several other nearby lot owners to restrain the company from conducting its business as then operated because it constituted a nuisance. This suit was tried in September, 1922, by Judge Hart, of Adrian, and announcement made that a decree would be entered dismissing the bill. The decree, however, was not signed until December 19th of that year.

In the meantime, and on October 19th, Bresnahan & Groefsema were substituted for Mr. Campbell with his consent, and a retainer of $100 was paid to them. It is plaintiffs' claim that this sum was paid to secure an appeal from the decree rendered in the chancery case. No appeal was taken. Negotiations for a settlement with the refining company were had, which will be hereafter more particularly referred to. Mrs. Kellogg made complaint to the Detroit Bar Association, charging misconduct and neglect on the part of Mr. Groefsema in not perfecting such appeal, and in other particulars. After a hearing, the grievance committee dismissed this complaint. Plaintiffs then demanded that the attorneys sign a consent to the substitution of their present attorneys to act for them, and on their refusal applied to the court for an order to compel them to do so. A hearing was had before the defendant, at which oral proof was submitted. An order was made that such substitution be had on condition that plaintiffs pay to Bresnahan & Groefsema the sum of $300, the charge made by them for the services rendered. Plaintiffs here ask mandamus to

compel the defendant to set aside that part of the order requiring such payment.

It clearly appears by the proof that these attorneys have rendered considerable service for plaintiffs for which they have not been paid.    Their retainer was "*In re:* Kellogg *v.* Sinclair Refining Company," as appears by the receipt given at the time the fee was paid.    They were not retained specifically to prosecute the law case nor to appeal the chancery case, but to do what in their opinion was best to obtain the relief sought against the refining company.    The defendant found, and the proofs fully justify his finding, that "at the special instance and request" of plaintiffs the attorneys entered into negotiations for and made a settlement with the refining company prior to the expiration of the time limited for such appeal.    The terms of this settlement were accepted by the plaintiff Helen Kellogg, who gave assurance that her husband would also assent to it.    It provided for the purchase of their property, the building being reserved, by the refining company for $6,300, of which $300 was to be paid to the attorneys for the service rendered plaintiffs by them.    Louis Kellogg refused to assent to this agreement.    The proofs clearly show that Mrs. Kellogg, who also acted for her husband throughout the entire transaction, was satisfied with the charge of $300 then made by their attorneys and content that they should receive this amount out of the moneys to be paid on the settlement.    The defendant found that this charge was "fair under the circumstances," and there was proof to justify this finding.    The attorneys had not only negotiated the settlement, but had spent considerable time in investigating the merits of plaintiffs' claim against the refining company and in satisfying themselves that it was in their interest to make it.    They were not acting as real estate brokers or salesmen, but as attorneys for the plain-

tiffs, endeavoring to obtain a settlement of the matters in dispute between the plaintiffs and the refining company which had given rise to the beginning of the action at law and suit in chancery.

We might well apply the rule that the return of the circuit judge to the order to show cause must be accepted by us as true (*Patrons' Mut. Ins. Co.* v. *Wexford Circuit Judge*, 227 Mich. 154), but in view of the fact that the conduct of attorneys, officers of this court, is involved, we have given careful consideration to the claim of plaintiffs and the proof submitted to the trial court and feel constrained to hold that they were in no way neglectful of plaintiffs' interests and that the provision in the order for the payment of $300 was fully justified.

The writ is denied, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.