[L. A. No. 9943.  In Bank.—December 21, 1927.]

## MOJAVE RIVER IRRIGATION DISTRICT, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, etc., et al., Respondents.

[1] WATER COMMISSION ACT—POWERS OF COMMISSION—ISSUANCE AND DENIAL OF PERMITS FOR APPROPRIATION OF WATER—ADMINISTRATIVE FUNCTIONS—LACK OF POWER OF COURTS TO REVIEW.—The powers with which the state water commission and the several departments and divisions thereof were invested under the Water Commission Act of 1913, and the later amendments thereto, with relation to the issuance of permits or the denial thereof for the appropriation of water, were purely and wholly administrative, and were not judicial in their character and exercise; and the courts of this state possess no power to review the said acts of the water commission or, any of its departments through the ordinary process or proceeding of a writ of review as such writ is provided for in the state constitution and is defined and limited by the provisions of section 1067 et seq. of the Code of Civil Procedure.

[2] ID.—SECTION 1b OF ACT—CONSTRUCTION.—By the use of the term "review" in section 1b of the Water Commission Act as amended in 1923 (Stats. 1923, pp. 161, 162), defining the nature of the proceeding to be instituted and conducted in the superior court under the terms of said amendment, it was not intended that it should have reference to the writ of *certiorari* or review as the same is provided for in the constitution and defined in the code, first, for the reason that the remedy provided for in said amendment is not that remedy to which in both its ancient and modern uses the writ of *certiorari* is confined, viz., that of determining

1.  See 26 Cal. Jur. 87.
2.  See 4 Cal. Jur. 1066.

whether the jurisdiction of a court or other tribunal exercising judicial functions has been exceeded; and second, the function of a writ of *certiorari* or review cannot be extended by the legislature so as to embrace consideration and review of the proceedings of nonjudicial bodies.

[3] ID.—PROCEEDING NOT IN NATURE OF APPEAL.—The proceeding provided by section 1b of the Water Commission Act as amended in 1923 cannot be treated as in the nature of an appeal to the superior court from a ruling of the division of water rights in granting or denying permits, as the legislature has no power to invest the superior court with jurisdiction over appeals from nonjudicial bodies or from other tribunals than those embraced in the provisions of section 5 of article VI of the constitution, which limits the appellate jurisdiction of superior courts to "such cases arising in inferior courts in their respective counties as may be prescribed by law."

[4] ID.—ORIGINAL PROCEEDING.—The proceeding provided for in section 1b of the Water Commission Act as amended in 1923 is an original action or proceeding to be instituted and conducted in the superior court following the action of the division of water rights, created under the Water Commission Act, granting or denying an application for a permit to appropriate water.

[5] ID. — SPECIAL PROCEDURE — UNCONSTITUTIONALITY OF ACT. — The practice and procedure to be pursued by the superior court in the particular action or proceeding provided for in section 1b of the Water Commission Act as amended in 1923 differs from the ordinary practice and procedure of superior courts in original actions or proceedings, first, in the matter of evidence to be presented and considered, in which it violates section 25 of article IV of the state constitution, which inhibits the legislature passing "local or special laws" regulating the practice of courts of justice; and, second, in the limited form of judgment provided to be rendered, which also violates said section.

[6] ID.—CLASSIFICATION—CONSTITUTIONAL LAW.—There is no basis of a classification of either the persons seeking, or of the particular subordinate branch of the state government granting or denying permits to appropriate water, which would suffice to justify the legislature in providing special practice and procedure in courts of justice applicable only to those seeking, granting, or denying such permits, but denied, or at least not accorded, to all other persons or institutions having access to such courts.

3.  See 7 Cal. Jur. 586; 7 R. C. L. 1030.
5.  See 5 Cal. Jur. 798, 856; 7 Cal. Jur. 617.
6.  See 5 Cal. Jur. 823.

[7] ID.—SECTION 5, ARTICLE VI, CONSTITUTION—INSTRUCTION.—Section 5 of article VI of the constitution has no application to the proceeding provided for by section 1b of the Water Commission Act as amended in 1923.

[8] ID.—PROCEEDING FOR APPROPRIATION OF WATER—ADMINISTRATIVE FUNCTION.—A proceeding under the Water Commission Act for a permit to appropriate water, when instituted before the division of water rights, is a purely administrative, as distinguished from a justiciable matter, of which, under the constitution, only the executive branch of the state government could have, and of which the judicial branch thereof could not have, and could not be given by the legislature, original jurisdiction.

[9] ID.—ELECTION OF REMEDIES—ESTOPPEL.—The principle of estoppel cannot be so far applied as to prevent a party who may be entitled to the benefits to be obtained by application to an administrative board or officer from asserting in a court of justice that other and severable portions of the law under which he makes such application and receives such benefit, and which impair his full enjoyment thereof, are void because violative of the constitution.

(4) 36 Cyc., p. 991, n. 87.   (5) 12 C. J., p. 816, n. 2.   (6) 12 C. J., p. 1138, n. 9.   (7) 12 C. J., p. 808, n. 91.   (9) 12 C. J., p. 769, n. 33.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of San Bernardino County from proceeding to review an order of the Division of Water Rights of the Department of Public Works granting a permit to appropriate water.   Writ granted.

The facts are stated in the opinion of the court.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Petitioner.

Byron Waters and Grant Holcomb for Respondents.

Spencer Burroughs, T. P. Wittschen, Hadsell, Sweet & Ingalls and Chickering & Gregory, *Amici Curiae.*

RICHARDS, J.—This is an application for a writ of prohibition directed to the respondents herein, the Superior Court of San Bernardino County and the judges thereof, preventing further action in a proceeding instituted in said

court under the provisions of section 1b of the Water Commission Act (Stats. 1923, p. 162) for the purpose of a review of a certain order of the division of water rights, provided for in said act, granting to the Mojave River Irrigation District a permit to appropriate water from the Mojave River. The title of said proceeding was "Van Dyke et als., plaintiffs, *vs.* Department of Public Works etc. et als., defendants." The so-called plaintiffs in said proceeding consisted of a large number of persons and corporations or associations claiming prior rights as riparian owners, or appropriators or adverse claimants to the recipient of said permit, and who were seeking, by said proceeding, to have said court review and reverse or modify the order of said division of water rights granting such permit. The defendants, so called, in such proceeding were the department of public works, the director of public works, the chief of division of water rights, operative institutions or individuals under said act; and in addition to these the Mojave River Irrigation District, the recipient of such permit. The sole authority under which the plaintiffs, so called, in said proceeding in the Superior Court were acting in instituting, and under which said court was acting in entertaining the same, is expressly pleaded as being derived from the provisions of said section 1b of said act; and the sole question presented to this court for determination in the instant proceeding is that of the constitutionality of said section 1b of said act. There is involved in this question, however, certain preliminary considerations, to which we shall first address ourselves.

The Water Commission Act, so called, was adopted by the legislature in the year 1913 (Stats. 1913, p. 1012). By the provisions of that act a state water commission was created and invested with the powers and duties prescribed therein. Among the powers with which the state water commission was thus entrusted was the power, conferred by sections 15, 16, and 17 of said act, of granting permits for the appropriation of unappropriated water flowing or existing in the streams, lakes, or other bodies of water within the state of California, upon proper application for such permits, and which permits when granted should give to the applicants thereof certain priorities as to the use of the water thus permitted to be appropriated upon compliance

with the provisions of section 18 of said act relative to the commencement, prosecution, and completion of such construction work as was required therein in order to render available the use or uses of the waters thus to be appropriated. The nature and scope of the powers thus conferred upon the said water commission came under review before this court in the case of *Tulare Water Co.* v. *State Water Com.*, 187 Cal. 533 [202 Pac. 874], wherein this court was called upon to consider the question as to whether the said water commission, in the attempted exercise of the aforesaid powers in the granting or refusal of permits for the appropriation of water, was acting in a judicial or administrative capacity. The question was directly presented to the superior court when, upon the denial by the state water commission of an application for a permit to appropriate water from the Kern River for the purpose of irrigating agricultural lands, made to it by the Tulare Water Company, the latter presented to said court two applications for peremptory writs—one for a writ of review and the other for a writ of mandate. When said court denied both writs, appeals were taken upon both applications to the appellate court, from the decision of which, in both matters, the questions presented therein were in due course transferred to this court for determination. In a well-considered opinion, written by Mr. Justice Sloane, it was decided that the powers with which the state water commission was invested under the foregoing provisions of the act in question, and the various amendments thereto made up to that time, were purely administrative and not judicial in character. As a result of this conclusion the writ of review was denied and the writ of mandate granted. In the concurring opinion of Mr. Justice Shaw the fundamental basis of this conclusion was tersely shown to rest upon the provisions of section 1 of article VI of the state constitution, whereby the entire judicial power of the state is solely vested in the judicial tribunals designated in said section; and as a result of which it is not within the power of the legislature to invest any other body with judicial power to establish and declare the right and title to private property. The decision of this court in that case has been consistently followed in the later cases, and particularly in the case of *Department of Public Works* v. *Superior Court,*

202 Cal.—46

197 Cal. 215 [239 Pac. 1076], wherein a writ of prohibition was sought and issued in this court to prevent the superior court of the county of Siskiyou from entertaining a writ of *certiorari* for the purpose of reviewing certain proceedings taken by one of the divisions of the department of public works under the provisions of section 12 of said act, the action of this court in the issuance of said writ being expressly based upon its former decision in the case of *Tulare Water Co.* v. *State Water Com., supra,* and upon the concurring opinion of Mr. Justice Shaw in that case. The most recent expression of this court touching this subject is to be found in the case of *Bank of Italy* v. *Johnson,* 200 Cal. 1 [251 Pac. 784], wherein the principle declared in the foregoing decisions is fully approved. [1] From these foregoing recent decisions of this court two conclusions may be said to be fully and firmly established. They are, that the powers with which the state water commission and the several departments and divisions thereof were invested under the Water Commission Act of 1913, and the later amendment thereto with relation to the issuance of permits or the denial thereof for the appropriation of water, were purely and wholly administrative and were not judicial in their character and exercise; second, that the courts of this state possessed no power to review the said acts of the water commission or any of its departments through the ordinary process or proceeding of a writ of review, as such writ is provided for in the state constitution and is defined and limited by the provisions of section 1067 et seq. of the Code of Civil Procedure. We do not deem it necessary in this case to enter upon a consideration or attempted differentiation between the foregoing cases and certain other decisions of this court having reference to the issuance of writs of review with respect to a limited class of proceedings of certain other subordinate departments of the state government with relation to the acts of which writs of review have been at times issued. It suffices here to say that as to the state water commission the foregoing decisions have foreclosed further discussion of the two propositions above referred to as decided therein.

The Water Commission Act of 1913 was several times amended by subsequent legislatures down to the year 1923, when there was added thereto the provision designated as

section 1b, with respect to the interpretation and application of which the present controversy has arisen. (Stats. 1923, pp. 161, 162.)   Said section 1b reads as follows:

"Any person, firm, association, or corporation interested in any application for a permit to appropriate water or any party protestant before the state commission may within thirty days after issuance of a permit or an order refusing to issue a permit and rejecting an application bring an action in the superior court in and for the county wherein the proposed point of diversion or a proposed point of diversion lies. Said action shall be for a review of the order of the state water commission. Said court shall review all correspondence, maps, data and other records on file with the state water commission which pertain to said application and all evidence taken before said commission and take such additional evidence as it may require or as may be submitted by the parties in interest or the state water commission and shall then render judgment affirming, reversing, or modifying the action of the state water commission. The priority of right of an appellant shall continue until final judgment is rendered."

[2] In determining the scope and effect of the foregoing amendment to the Water Commission Act certain primary conclusions would seem to be inevitable. The first of these relates to the use of the term "review" as defining the nature of the proceeding to be instituted and conducted in the superior court under the terms of said amendment. It would seem to be clear that in the use of said term the framers of said amendment could not have intended that it should have reference to the writ of *certiorari* or review as the same is provided for in the constitution and defined in the code. This for two reasons: first, for the reason that the remedy provided for in said amendment is not that remedy to which in both its ancient and modern uses the writ of *certiorari* is confined, viz., that of determining whether the jurisdiction of a court or other tribunal exercising judicial functions has been exceeded. The amendment in question contemplates no such action or determination on the part of the superior court in which the proceeding provided for in it is to be begun and conducted, and it cannot therefore be concluded that the framers of this amendment used the term "review" therein as re-

ferring to writs of review or proceedings thereunder. The second reason is that the law is well settled that the function of a writ of *certiorari* or review, as such writ existed prior to and is provided for in the state constitution, cannot be extended by the legislature so as to embrace the consideration and review of the proceedings of nonjudicial bodies. The early and later decisions of this court touching this subject refer to both writs of prohibition and review and to the inability of the legislature to enlarge or restrict the functions of either of these writs. (*Maurer* v. *Mitchell,* 53 Cal. 289; *Camron* v. *Kenfield,* 57 Cal. 550; *Farmers' Union* v. *Thresher,* 62 Cal. 407; *Pacific Tel. Co.* v. *Eshleman,* 166 Cal. 640, 694 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119]; *Miller & Lux* v. *Board of Supervisors,* 189 Cal. 260 [208 Pac. 304].) It follows that for both of the foregoing reasons the proceeding provided for in said amendment cannot be considered as in the nature of "*Certiorari*" or "review." [3] It would seem to be equally well settled that said proceeding cannot be treated as in the nature of an appeal to the superior court from a ruling of the division of water rights in granting or denying permits, although it would appear from some of the provisions of said amendment that its framers contemplated that in some of its aspects it should resemble an appeal. It is firmly established, however, that the legislature has no power to invest the superior court with jurisdiction over appeals from nonjudicial bodies or from other tribunals than those embraced in the provisions of section 5 of article VI of the constitution, which limits the appellate jurisdiction of superior courts to "such cases arising in inferior courts in their respective counties as may be prescribed by law." In the cases of *Chinn* v. *Superior Court,* 156 Cal. 480 [105 Pac. 580], and of *Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 Pac. 582], this question was fully considered and determined, this court in each of these cases holding that an attempt on the part of the legislature to provide for an appeal to the superior court from an order of the board of supervisors, in the one case establishing an irrigation district and in the other creating a reclamation district, was unconstitutional and void.

[4] We have thus by a process of elimination reached the conclusion that the proceeding in the superior court

provided for in section 1b of the Water Commission Act is neither a proceeding by way of *certiorari* or appeal. It follows necessarily that the proceeding provided for in said amendment must be an original action or proceeding to be instituted and conducted in the superior court following the action of the division of water rights, created under the Water Commission Act, granting or denying an application for a permit to appropriate water. [5] This being so, we look to the content of said amendment to ascertain the nature of such action or proceeding, and we there find that the procedure of the superior court in such action or proceeding is strictly limited and defined to be, first, that "said court shall review all correspondence, maps, data and other records on file with the state water commission which pertain to said application and all evidence taken before said commission, and take such additional evidence as it may require or as may be submitted by the parties in interest or the state water commission"; and that having done so such superior court "shall then render judgment affirming, reversing or modifying the action of the state water commission." It will be seen at a glance that the practice and procedure to be pursued by the superior court in the particular action or proceeding provided for in said amendment differs from the ordinary practice and procedure of superior courts in original actions or proceedings of which such courts have jurisdiction in at least two essential respects. The first of these relates to the evidence to be presented and considered by such courts in such action or proceeding and which, according to the provisions of said amendment, is to obviously consist, in a large part at least, of matters which would ordinarily not be admissible as evidence upon the trial of an ordinary action or proceeding instituted in such courts. In providing that said courts shall "review" all such matters as may have been considered by the division of water rights in its determination to grant or deny the application for the permit in question, the amendment assuredly contemplates that all of such matters shall be received in evidence before such court in such action or proceeding, whether receivable in evidence in an ordinary action or proceeding or not. In the foregoing respect it would seem to be obvious that said amendment provides for the particular action or proceeding which it purports to

create, a practice and procedure radically at variance with that which the general laws provide for the practice and procedure of the superior courts in actions or proceedings of which such courts are given jurisdiction, and that in so doing said amendment runs counter to the provisions of section 25, article IV, of the state constitution, which inhibits the legislature from passing "local or special laws" regulating the practice of courts of justice. The other essential particular in which the practice and procedure provided for in the action or proceeding which it directs the superior court to entertain has reference to the judgment to be rendered by it in such action or proceeding; and in which by the terms of such amendment said court is directed to "render judgment affirming, reversing or modifying the action of the state water commission." It would seem to be apparent that by such a direction to the superior court to confine its action and determination to the rendition of the particular and limited form of judgment designated by the foregoing provisions of said amendment the legislature has therein undertaken to provide a different form and content of judgment than that which by the general laws may be rendered and entered in such courts, and in that respect also said legislature runs counter to the foregoing inhibition of the state constitution.

[6] The respondents herein, while apparently conceding that the amendment in question does undertake to provide a practice and procedure for the superior courts in the particular action or proceeding to which it relates differing in the foregoing essentials from the general practice and procedure of such courts, attempt to avoid the inhibition of the foregoing provision of the state constitution through one or both of two contentions. It is first contended that the amendment in question is not a "special" law and hence is not within the inhibition of the foregoing constitutional provision. It is argued in support of this contention that the amendment in question, since it has application to all coming within the classification of those who are seeking permits for the appropriation of water and that it also has application to the proceedings before the division of water rights, a subordinate division of the department of public works, which in its delegated power to grant or refuse such permits is in a class by itself; and that thus the amendment in ques-

tion, since it applies as to its practice and procedure to all those who come within one or both of these classifications, is a general law. We are unable to perceive that this argument supplies an adequate answer to the aforesaid constitutional objection, since there would appear to be no reason why persons seeking the permit or privilege to appropriate water from this particular subordinate branch of the state government should be accorded this special form of access to courts of justice as distinguished from all other persons who seek permits or privileges of many sorts from one or other of the numerous boards or officials similarly functioning as executive agencies of the state and who are similarly empowered by statute to grant or refuse such permits. Neither does there appear to be any sufficient reason why the purely administrative action of the division of water rights in granting or refusing permits to appropriate water should have accorded to it and its orders, or to the persons or associations affected thereby, the special right of a judicial method of review differing essentially from that available in courts of justice to all other similar functions and empowered to issue similar orders in similar applications for similar privileges or permits. In a word, there appears to be no basis for any such classification of either the persons seeking, or of this particular subordinate branch of the state government granting or denying, permits to appropriate water which would suffice to justify the legislature in providing a special practice and procedure in courts of justice applicable only to those seeking, granting or denying such permits, but denied or at least not accorded, to all other persons or institutions ·having access to such courts. The inhibition of the constitution against special enactments regulating the practice and procedure in courts of justice is further enforced by the subsequent clause in the same section of the constitution, which forbids the legislature to enact local or special laws upon any subject, ''where a general law can be made applicable.'' (Const., subd. 33, sec. 25, art. IV.) We have been pointed to no reason why a general law could not be made applicable to the situation presented by the amendment under review, nor, in fact, why the general laws of the state already in existence are not entirely adequate to deal with the controversies of those who are claiming or seeking to exercise

conflicting rights in or to the use of waters of the state. It is, however, insisted by the respondents herein that this court has heretofore given its sanction in certain leading cases to statutes which have assumed to provide for a special practice and procedure in certain classes of newly created actions or proceedings in courts of justice; and in making this contention the respondents strongly rely upon the decision of this court in the case of *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 289 [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356]. It is true that in that case it was conceded that the statute commonly known as the "McEnerney Act" (Stats. 1906, Ex. Sess., p. 78) did provide for a special practice and procedure in the class of cases covered thereby differing in certain essential respects from those provided for by general laws in other judicial proceedings. This court, however, in its elaborate opinion sustaining said act clearly pointed out that in order so to do it was necessary for it to find that the persons and classes of cases to which said law was to be given application were so far to be distinguished from all other persons or cases by the existence of such substantial, natural, or intrinsic or constitutional distinctions as would reasonably indicate the necessity or propriety of special legislation restricted to such classification. The distinction between that case and the case at bar is too obvious to require further elucidation, and this may also be said of the several other cases which the respondents have cited to the same effect. [7] The respondents, however, further contend that the validity of the procedure embraced in said amendment can be upheld under the provisions of section 5 of article VI of the constitution, which contains the following provision: "The superior courts shall have original jurisdiction . . . of all such special cases and proceedings as are not otherwise provided for." (Const., sec. 5, art. VI.) The foregoing provision of our present constitution was brought into it in substantially identical language from our former constitution as amended in 1862, and was, in fact and substance, a part of our statutory law even prior to that time. The clause giving county courts originally and superior courts latterly original jurisdiction "in all such special cases and proceedings as are not otherwise provided for" was given early and not infrequent inter-

pretation by the courts. The earlier of these cases were considered and their conclusions restated in the case of *Bixler's Appeal,* 59 Cal. 550, 555, and the phrase "special cases and proceedings" was therein defined as referring to "such new cases, the creation of statutes and the proceedings under which are unknown to the general framework of courts of law and equity; and as not including any class of cases for which courts of general jurisdiction had always supplied a remedy." It would thus seem that this provision of our past and present constitutions can be of no avail to the respondents in the instant matter, for the reason, if for none other, that our law has always supplied a remedy for those who were, or were in danger of being, wronged by the action or nonaction of administrative bodies. This is made clear by our decision in the cases of *Tulare Water Co.* v. *State Water Com.,* and *Department of Public Works* v. *Superior Court, supra.* An even better reason, however, exists why the foregoing provision of the constitution can have no application to such a proceeding as that which was pending before the division of water rights and which was sought to be transferred to the superior court by virtue of the provisions of the amendment of the Water Commission Act under review. [8] That reason is that said matter, when instituted before the division of water rights, was a purely administrative as distinguished from a justiciable matter, of which, under the constitution as well as under our decisions above cited, only the executive branch of our state government could have, and of which the judicial branch thereof could not have, and could not be given by the legislature, original jurisdiction. Section 1 of article III of the constitution declares: "The powers of the government of the state of California shall be divided into three separate departments—the legislative, executive and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this constitution expressly directed or permitted." It follows necessarily that the clause in section 5 of article VI of the constitution referring to "special cases and proceedings" could only have reference to such matters as were justiciable and could not be given application to any matters which were essentially

administrative in character and over which, therefore, the courts could neither assume nor be given by the legislature jurisdiction. Such is the matter over which section 1b of the said Water Commission Act vainly attempts to confer jurisdiction upon the Superior Court and the judges thereof who are respondents herein.

[9] Finally, the respondents herein contend that the petitioner herein is estopped to seek the aid of this court in this proceeding for the reason that, having invoked the aid and benefit of those other provisions of the Water Commission Act which confer upon the division of water rights the power of granting permits for the appropriation of water, it cannot here be heard to claim that another and entirely severable provision of said act, later incorporated therein and purporting to invest the Superior Court with jurisdiction to "review the action of said administrative board is void as violative of the Constitution."

We do not think that the principle of estoppel can be so far applied as to prevent a party who may be entitled to the benefits to be obtained by application to an administrative board or officer from asserting in a court of justice that other and severable portions of the law under which he makes such application and receives such benefit, and which impair his full enjoyment thereof, are void because violative of the constitution; nor do we think the cases cited by the respondents sustain so extreme an application of the principle of estoppel. We find no merit, therefore, in this final contention.

The foregoing considerations render unnecessary a review of any other matters presented by either of the parties or by *amici curiae* in this proceeding.

Let the writ of prohibition issue as prayed for.

Preston, J., Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.