[L. A. No. 10140. In Bank.—December 5, 1929.]

ANTONIA C. JACOBUS, Appellant, v. ELMER L. JACOBUS, Respondent.

Oscar W. Houge for Appellant.

Geo. W. Rochester and Frank J. Rehorst for Respondent.

PRESTON, J.—The record and briefs on the appeal in the above-entitled cause are on file. The notice of appeal to this court was filed on July 12, 1927. The action is for divorce and for an adjustment of property rights. The interlocutory decree of divorce was given for respondent, Elmer L. Jacobus, on his cross-complaint, and property rights were also settled thereby.

Petitioner George W. Rochester was the attorney for respondent throughout the litigation and has a written contract with him for a forty-five per cent contingent fee to be calculated upon the amount of property recovered or secured by respondent in the action. On June 11, 1929, the court below directed that one Frank J. Rehorst be substituted as attorney for respondent in the place and stead of petitioner. On August 1, 1929, petitioner came to this court with a document styled "Motion of opposition to substitution of attorney for defendant and respondent by George W. Rochester, Petitioner," but in the body of it appearing to be a motion "for an order setting aside an order of the superior court of the state of California in and for the county of Los Angeles, substituting Frank J. Rehorst as attorney for Elmer L. Jacobus in the above entitled cause in place of George W. Rochester."

Manifestly this court is the only forum within which the parties to a perfected appeal may move for a substitution of attorneys during the pendency of such appeal. Manifestly, also, the motion of George W. Rochester, the attorney of record for the respondent upon this appeal, to have this court set aside an order which the trial court has made or attempted to make long after this appeal was perfected purporting to substitute another attorney for said Rochester cannot prevail for the reason, if for none other,

that there is no record herein upon which this court could consider or reverse an order of the trial court made after final judgment, however erroneous or lacking in jurisdiction such order might be. So far as the record upon appeal herein discloses, George W. Rochester is still the attorney of record for respondent upon this appeal, and will be recognized as such until such time as a proper order for the substitution of another as the attorney of record for the respondent herein shall have been made.

In denying this quite unnecessary motion we deem it proper to say that the question as to the right of the respondent to discharge his attorney of record and to substitute another in his stead is not a proper subject of consideration by this court upon the present motion; nor is the question as to what may be the right and remedy of an attorney of record who has been thus discharged, presented for our determination upon the state of the record before us.

The motion is denied.

Curtis, J., Waste, C. J., Shenk, J., Langdon, J., Seawell, J., and Richards, J., concurred.