John P. Escover died testate December 27, 1927. His will was offered for probate December 31st of the same year. Certain heirs filed a written opposition to probate on grounds of undue influence and lack of testamentary capacity. This contest was tried before the court without a jury and judgment was entered against contestants. The will was thereafter admitted to probate and on April 15, 1929, three heirs filed a petition to revoke probate on the same grounds. This was heard before the court without a jury and at the close of petitioners' case the court granted proponents a nonsuit. The appeal is from the judgment following the nonsuit and is taken on typewritten transcripts.
Two points are raised by appellants: [1] First, that the probate court erred in denying their motion for a trial by jury. The denial was based upon the express provisions of section 1330 of the Code of Civil Procedure, which reads in part: "In all cases of petitions to revoke the probate of a will wherein the original probate was granted without a contest, . . . a trial by jury must be had." As the original probate was granted after a contest wherein the contestants might have had the issues tried by a jury if they had so demanded, it is evident that, so far as our statutory law is concerned, they did not have that right on the second trial. [2] Hence the only question remaining is whether our statutory law is valid in view of section 7 of article I of the Constitution, which secures the right of trial by jury "in civil actions". This was determined adversely to appellants in Estate of Dolbeer, 153 Cal. 652, 657 [15 Ann. Cas. 207, 96 P. 266]. This "right" was secured only in those cases where it existed in the common law. It *Page 699 
was not recognized as a right in probate matters in the common law because such matters belonged to the ecclesiastical jurisdiction, where trial by jury was not a right.
[3] If the point be put on the question of discretion the appellants likewise fail to show error. The issue of undue influence is one which is primarily addressed to the equity side of the court and when it arises in a probate court, after having previously been fully heard and determined, we see no error in a denial of a demand for a jury, with its consequent delays and expense. (Estate of Dorn, 69 Cal.App. 413, 415 [231 P. 346].)
[4] Second, that the probate court erred in granting a nonsuit. On the issue of lack of testamentary capacity there was no evidence except the evidence that the testator was of sound mind. On the issue of undue influence the evidence showed nothing more than that testator's brother complained that he had not been given a greater portion of the estate in a former will and that the testator then called in an attorney who prepared the will under attack which gave the brother a larger share. There is no evidence tending to show that any pressure was brought to bear directly upon the testamentary act. From appellants' own case it is shown that the will was not made in the presence of or at the connivance of any person benefited by it, but that it was the free and voluntary act of the testator. (Estate of Presho,196 Cal. 639, 651 [238 P. 944], and cases there cited.) Upon contestants' whole case there is no evidence that would have justified a judgment in their favor and hence the trial court did not err in granting the nonsuit.
Judgment affirmed.
Sturtevant, J., and Spence, J., concurred. *Page 700