Essex County Court of Common Pleas.

ABRAHAM MARSHALL AND VERONA ESTATES, INCORPO-
RATED, A CORPORATION, PLAINTIFFS, v. CHARLES
J. ROMANO, MAGGIE ROMANO, HIS WIFE, MICHAEL
SAGGESE AND ANGELINA SAGGESE, HIS WIFE, DE-
FENDANTS.

Decided January 14, 1932.

*Abraham Laub,* for the plaintiffs.

*Max L. Rosenstein* (*Abraham A. Golden,* of counsel), for
the petitioner (plaintiff).

HARTSHORNE, J. This is a motion to substitute attorney
for the plaintiffs and to compel present plaintiff's attorney to
deliver up evidence in the cause, such evidence being, among
other things, a contract held by him for the purposes of the
cause and originally drawn by him before the cause arose.

The present attorney resists such applications on the ground
that his fees have not been paid, either for the original draw-
ing of the contract in question or for his services in the
preparation of the above cause for trial, including the filing
of the complaint.

To this the client replies, through the attorney who is pro-
posed to be substituted, that his present attorney has nothing
due him now for services, at least in the present cause, since
the same was taken on contingency, and that, in any event,

the present attorney waived any lien by his refusal to proceed until the client reimburses him for necessary outlays in the course of the proceedings and makes a payment on account of services therein. Plaintiff's present attorney denies that this employment in the cause was on contingency.

The case will shortly be reached for trial, so that the question of fact as to the present right of the present attorney to compensation, and its amount, cannot be previously determined. The court must adjust the rights of the client, who is entitled to be represented by attorneys of his own choosing, and of the attorney who is by law entitled to certain liens to secure payment for services rendered, unless the right to such payment is lost.

The decisions of the courts are not always in harmony in this regard, due largely to a failure to distinguish between the two different liens to which an attorney is entitled. He is, first, entitled at common law to a general lien for the general balance due him, both for professional services in the past and in the pending proceedings, this lien covering any papers coming to his hands professionally. *Delaney* v. *Husband* (*Court of Errors and Appeals*), 64 *N. J. L.* 275.

He is further entitled at common law to a so-called charging lien attaching to the judgment, decree, or recovery obtained through the services of the attorney. This common law lien has now beeen embodied in our statute. *Pamph. L.* 1914, *ch.* 201, *p.* 410.

The present attorney has not waived or lost any rights by refusal to proceed until reimbursed for necessary disbursements in preparation for trial or if not on contingency, till reasonable payments are made on account of services rendered, such constituting a good cause for his refusal to proceed (2 *R. C. L. Attorneys,* § 30), this rule being well recognized in Massachusetts, New York, and Michigan, for instance.

Since the present attorney's right to compensation cannot be determined before trial, his rights, if any, must be preserved during the trial, though the trial itself should proceed with the attorney desired by the client.