SHAW, P.J.
 

 Plaintiff brought the original action herein on an assigned claim to recover money due his assignor on contract and obtained a default judgment therefor. Execution being returned unsatisfied, an order was made for the defendant to appear in supplementary proceedings. On the day fixed for hearing this order plaintiff’s attorney made a motion, on notice to plaintiff, “for an order permitting the said attorney to withdraw from the above entitled matter and for an order fixing the amount and terms of payment of the attorney’s compensation for services rendered to date”. This motion was in terms based upon section 284 of the Code of Civil Procedure, and was supported by the attorney’s affidavit in which he stated that he was handling the ease for a contingent fee of a percentage of the amount recovered and “that mutual disagreements have arisen between the plaintiff and your affiant rendering it impossible and impracticable
 
 *Supp. 771
 
 for your affiant to continue acting as counsel for the plaintiff in this matter or any other matter”, no further statement of the reasons for the substitution or the nature of the disagreements mentioned being made. Plaintiff filed a counter-affidavit stating that the attorney was handling a series of cases for him on the same contingent fee arrangement, that the attorney had asked that this arrangement be changed so as to provide for a fixed monthly retainer, and that plaintiff had refused to agree to this change but had not asked the attorney to withdraw and was satisfied to have him proceed. No denial of this affidavit was made by the attorney and we assume, therefore, that this disagreement over fees is the basis for the attorney’s statement regarding mutual disagreements. Refusal of the client to consent to an increase of the attorney’s fee does not constitute a sufficient excuse for the attorney to refuse to proceed further in the case;
 
 (Houghton
 
 v.
 
 Clarke,
 
 (1889) 80 Cal. 417
 
 [22
 
 Pac. 288].) On the hearing of this motion the court made an order that the attorney be permitted to withdraw, that the plaintiff pay him $50 for attorney’s fees for services herein, and that if this sum was not paid by a specified date the attorney have execution therefor against plaintiff. From this order the present appeal is taken.
 

 The appeal requires us to consider section 284 of the Code of Civil Procedure as amended in 1935 (Stats. 1935, p. 1647). By that amendment the portion of the section material to this case was made to read as follows, the amendment consisting in the addition of the words here italicized: “The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. ... 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other
 
 except that in all civil cases in which the fee or compensation of the attorney is contingent upon the recovery of money, in which case the court shall determine the amount and terms of payment of the fee or compensation to be paid by the party.”
 

 Appellant attacks the constitutionality of this amendment, claiming that it violates section 11 of article I of the California Constitution, which requires that “all laws of a general nature shall have a uniform operation”, and section 7 of the same article which declares that “the right of trial
 
 *Supp. 772
 
 by jury shall be secured to all, and remain inviolate”. We think these contentions must be sustained.
 

 The provisions of the amendment authorizing the court to require the client to pay an attorney fee to his own attorney constitute the only statutory authority in this state for such summary action by a court to that end. They are limited to civil cases in which the fee of the attorney is contingent upon the recovery of money. To accomplish the classification thus made, two lines are drawn; the first separating contingent fee cases from other cases, and the second further setting apart from other contingent fee eases those where the contingency is the recovery of money.
 

 The rule on the matter of classification is well settled, and was stated thus in the early case of
 
 Pasadena
 
 v.
 
 Stimson,
 
 (1891) 91 Cal. 238, 251, 252 [27 Pac. 604], “The conclusion is, that although a law is general and constitutional when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction, it is not general or constitutional if it confers particular privileges or imposes peculiar disabilities or burdensome conditions, in the exercise of a common right, upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. ’ ’ This rule has been adhered to ever since it was thus declared. (See
 
 Chitivood
 
 v.
 
 Hicks,
 
 (1933) 219 Cal. 175, 177 [25 Pac. (2d) 406] ;
 
 Franchise Motor Fr. Assn.
 
 v.
 
 Seavey,
 
 (1925) 196 Cal. 77, 81 [235 Pac. 1000] ;
 
 Martin
 
 v.
 
 Superior Court,
 
 (1924) 194 Cal. 93, 100, 101 [227 Pac. 762] ;
 
 Estate of Yano,
 
 (1922) 188 Cal. 645, 655 [206 Pac. 995] ;
 
 In re Boehme,
 
 (1936) 12 Cal. App. (2d) 424, 427 [55 Pac. (2d) 559] ; 5 Cal. Jur. 825, 828-830, and cases there cited.)
 

 Applying this rule to the present case, and passing by the question whether contingent fee cases as a whole would constitute a separate class justifying special provisions regarding attorney’s fees, we entertain no doubt that the special classification of contingent fee cases made by this statute is arbitrary and invalid. The probable purpose of the amendment (although in this case it was otherwise applied) is to protect attorneys who have contingent fee agreements from possible efforts of their clients to dismiss them without payment of fees. For this purpose no substantial difference exists between a case where the contingency depends on the
 
 *Supp. 773
 
 payment of money and many other contingency eases. The contingency may be the recovery of property other than money; and granting that in such a case, where the attorney’s fee is to be a share of the property, he may have an interest in that property which he can follow
 
 (Kelly
 
 v.
 
 Smith,
 
 (1928) 204 Cal. 496, 500 [268 Pac. 1057]), and is then not in so much need of protection, yet there are many other possible contingencies not covered by this statute. Even where recovery of property is the contingency, the fee may not be a share of that property; and the contingency may be the successful defense of an action or the establishment of the client’s rights with no recovery at all. If the attorney needs protection against his client, why should he not have it in these cases, as well as in that covered by the statute? On the other hand, why should the client who sues for money and employs his attorney for a contingent fee be subjected to the abrogation of his contract and an absolute liability for fees, at the instance of his attorney, when no such burden is imposed on clients who contract for contingent fees in cases of other kinds? The answers to these questions must be that there is no natural, intrinsic or constitutional distinction justifying such discrimination. The statute is therefore void.
 

 We think that, when applied to such a ease as we have here, it also infringes the constitutional provision for trial by jury. The right of trial by jury which is secured by section 7, article I, of the Constitution, above quoted, is the right as it existed at common law at the time our Constitution was adopted.
 
 (People
 
 v.
 
 Richardson,
 
 (1934) 138 Cal. App. 404, 408 [32 Pac. (2d) 433] ;
 
 People
 
 v.
 
 Martin,
 
 (1922) 188 Cal. 281, 285 [205 Pac. 121, 21 A. L. R. 1399].) Plainly, the statute in question does not contemplate the action of a jury to fix the amount of the fee. This is to be done by order of the court, on motion of either party. When the client makes the motion he does so with knowledge (actual or imputed) of the terms of the statute and may perhaps be regarded as thus waiving his right of jury trial. It has been so held in New York.
 
 (Yuengling
 
 v.
 
 Betz,
 
 (1901) 58 App. Div. 8 [68 N. Y. Supp. 574].) But when the attorney initiates the proceeding it is
 
 in invitum
 
 as to the client, and there is no ground for such a holding. Before this statute was passed, the attorney who thus retired from the case would
 
 *Supp. 774
 
 have been left to his action against the client for fees. In such action the rightfulness of his client's conduct could be put in issue
 
 (Bartlett
 
 v.
 
 Odd Fellows Savings Bank,
 
 (1889) 79 Cal. 218, 222 [21 Pac. 743, 12 Am. St. Rep. 139]), as well as the amount of the fee, and the client would be entitled to a jury trial of these issues. So, also, where the client dismissed the attorney, the latter would be entitled to a jury trial in an action to recover compensation. By the operation of this statute either may be deprived of such trial. Any act of the legislature attempting to abridge the constitutional right of trial by jury is void.
 
 (People
 
 v.
 
 Kelly,
 
 (1928) 203 Cal. 128, 133 [263 Pac. 226] ;
 
 People
 
 v.
 
 Bruneman,
 
 (1935) 4 Cal. App. (2d) 75, 79 [40 Pac. (2d) 891].) It has been held, it is true, that the Constitution does not secure the right in special proceedings.
 
 (Vallejo etc. R. Co.
 
 v.
 
 Reed Orchard Co.,
 
 (1915) 169 Cal. 545, 556 [147 Pac. 238] ;
 
 Misrach
 
 v.
 
 Liederman,
 
 (1936) 14 Cal. App. (2d) (Supp.) 757, 769 [58 Pac. (2d) 746].) This does not mean, however, that the legislature may at will create new forms of special procedure, parcel out among them the subject-matter of the ordinary actions at law heretofore triable by jury, and thereby whittle away the right to a jury trial. (35 Cor. Jur. 178, sec. 62 ;
 
 Ex parte Wong You Ting,
 
 (1895) 106 Cal. 296, 301 [39 Pac. 627] ;
 
 Donahue
 
 v.
 
 Meister,
 
 (1891) 88 Cal. 121, 124 [25 Pac. 1096, 22 Am. St. Rep. 283] ;
 
 Hughes
 
 v.
 
 Dunlap,
 
 (1891) 91 Cal. 385, 389 [27 Pac. 642] ;
 
 Flint River Steamboat Co.
 
 v.
 
 Roberts, Allen & Co.,
 
 (1848) 2 Fla. 102 [48 Am. Dec. 178, 184] ;
 
 Dacres
 
 v.
 
 Oregon R. & N. Co.,
 
 (1889) 1 Wash. 525 [20 Pac. 601, 603] ;
 
 Linderman
 
 v.
 
 Reber,
 
 (1861) 1 Woodw. Dec. (Pa.) 82.)
 

 The order appealed from is reversed, with costs of appeal to the appellant.
 

 Schauer, J., and Shinn, J.,
 
 pro tern.,
 
 concurred.