[S. F. No. 16170. In Bank.—April 28, 1939.]

MADELINE ECHLIN, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Robert E. Hatch and Carl Conradi, Jr., for Petitioner.

J. E. McCurdy and Theodore M. Stuart for Respondents.

SEAWELL, J.—Petitioner seeks by writ of mandate to compel the Superior Court of San Mateo County to make an order substituting Robert E. Hatch as her attorney, in place of J. E. McCurdy, in a pending action for personal injuries wherein she is plaintiff. The action has not yet been brought to trial.

Subdivision 1 of section 284, Code of Civil Procedure, provides for substitution of counsel ''upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes''. Subdivision 2 provides for substitution ''upon the order of the court, upon the application of either client or attorney, after notice from one to the other''. In 1935 there was added to subdivision 2 a further provision, as follows: ''except that in all civil cases in which the fee or compensation of the attorney is contingent upon the recovery of money, in which case the court shall determine the amount and terms of payment of the fee or compensation to be paid by the party.'' The contract under which peti-

tioner employed McCurdy provided for compensation in the amount of one-third the recovery by judgment or settlement.

Petitioner contends that the 1935 amendment is special legislation and therefore unconstitutional in that there is no reasonable distinction in the matter of determining attorney's fees between cases where the fee is "contingent on the recovery of money" and other cases. By this proceeding she seeks to compel the trial court to order a substitution without fixing the fee of her discharged attorney, leaving that matter to be determined in a separate action. She further contends that the amendment is unconstitutional for the reason that it denies a jury trial in the determination of the attorney's fee. The decision of the Appellate Department, Superior Court of Los Angeles, in *Cassel* v. *Gregori*, 28 Cal. App. (2d) (Supp.) 769 [70 Pac. (2d) 721], supports petitioner's contentions.

Respondent contends that since the petitioner, rather than her attorney, asked for the substitution under section 284 she may not question the constitutionality of any part of said section, but must accept it in its entirety. The principle for which respondent contends, although frequently invoked, is not of invariable application. Thus, in *Mojave River Irr. Dist.* v. *Superior Court*, 202 Cal. 717 [262 Pac. 724], we sustained the contention of the district as to the unconstitutionality of a 1923 amendment to the Water Commission Act under which procedure and practice in superior court actions based on orders of the division of water rights differed from practice in other actions in the superior courts. We rejected the contention that the district was estopped to challenge the amendment for the reason that it had obtained an order or permit for the appropriation of water under other provisions of said act, which permit was the basis of the action brought against it in the superior court. (202 Cal. 717, 730.)

In the instant case, as in the cited case, the statute has stood for years without the amendatory provision, which, if unconstitutional, is plainly severable. Furthermore, the right to an order of substitution would exist without section 284. The English common law recognized the right of a client to change his attorney by court order. (*MacPherson* v. *Rorison*, (1779) 1 Doug. 217, 99 Eng. Reprint 142; *Perry*

v. *Fisher,* (1805) 6 East. 549, 102 Eng. Reprint 1398; *Hill* v. *Roe,* (1816) 6 Taunt. 532, 128 Eng. Reprint 1141; *Ginders* v. *Moore,* (1823) 1 B. & C. 654, 107 Eng. Reprint 241; *Langley* v. *Stapleton,* Barnes, 40, 94 Eng. Reprint 796; Weeks on Attorneys, 2d ed., 513–522.)

Petitioner did not aver in her notice of application for change of attorney that she had cause to discharge attorney McCurdy. But the right to change attorneys, with or without cause, has been characterized as "universal". (5 Am. Jur. 281; 7 C. J. S. 940; 19 Ann. Cas. 592; 1 Thornton, Attorneys at Law, p. 253; California cases: *Todd* v. *Superior Court,* 181 Cal. 406 [184 Pac. 684, 7 A. L. R. 938]; *O'Connell* v. *Superior Court,* 2 Cal. (2d) 418 [41 Pac. (2d) 334, 97 A. L. R. 918]; *Wright* v. *Security First Nat. Bank, ante,* p. 139 [88 Pac. (2d) 125]; 3 Cal. Jur. 635.) If the discharge is without cause the client is liable for compensation and damages. Only where the attorney has a "power coupled with an interest" must he be retained, and an interest in and to the fruits or proceeds to be derived from the action is not such a power. (*O'Connell* v. *Superior Court, supra,* note, 97 A. L. R. 923; *Wright* v. *Security First Nat. Bank, supra.*) This is consistent with the rule as to agents generally. (Sec. 2356, Civ. Code.)

Section 284, Code of Civil Procedure, providing for a court order of substitution, has been a part of our statutory law since the enactment of the codes in 1872. But in the absence of statutory provision the courts would have inherent power to make such an order, which is necessary to the orderly conduct of litigation. Indeed it was held in England at an early date that a substitution was not effective unless based on court order. (English cases cited, *supra.*) This doctrine prevails in this state. (*Jacobus* v. *Jacobus,* 208 Cal. 562 [282 Pac. 796]; *Anglo-California T. Co.* v. *Oakland Rys.,* 191 Cal. 387 [216 Pac. 578]; 7 C. J. S. 951.)

Respondent relies on *Foster* v. *Superior Court,* 26 Cal. App. (2d) 230 [79 Pac. (2d) 144], and *Tracy* v. *MacIntyre,* 29 Cal. App. (2d) 145 [84 Pac. (2d) 526]. In the Foster case the petitioners expressly requested the court, as a part of the order of substitution, to determine the compensation of their attorney. Being dissatisfied with the court's order as to the fee, they thereafter urged that the 1935 amendment

to section 284 was unconstitutional. In the Tracy case the client consented to determination of the attorney's fee by an affidavit suggesting a different method of computing it than that urged by the attorney. But in the instant case there is no such request or consent. ██ Petitioner's only reference to section 284 is that the application for change of attorney would be based on "all the records, papers and pleadings on file, upon the authority of section 284 of the Code of Civil Procedure". Before attorney McCurdy had filed an affidavit as to the legal services performed by him, petitioner filed "Objections to Court Fixing Attorney's Fees under Sec. 284, C. C. P." We conclude that petitioner has not waived her right to challenge the 1935 amendment to section 284.

██ In many jurisdictions it is the rule that where the client discharges the attorney without cause, the court may make substitution conditional on the client compensating his attorney. (*Griffith* v. *United States,* 72 Fed. (2d) 466; *Woodbury* v. *Andrew Jergens Co.,* 69 Fed. (2d) 49; *In re Weitling,* 266 N. Y. 184 [194 N. E. 401]; *Kellogg* v. *Wayne Circuit Judge,* 229 Mich. 150 [200 N. W. 976]; 7 C. J. S. 953; 5 Am. Jur. 284.) The attorney's lien is often referred to in this connection. But in this state, where an attorney has no lien in the absence of an agreement therefor (*City of Los Angeles* v. *Knapp,* 7 Cal. (2d) 168, 173 [60 Pac. (2d) 127]), it has been held from an early date that the attorney's remedy for a wrongful discharge is by an independent action. (*Wright* v. *Security First Nat. Bank,* *supra.*)

The 1935 amendment limits the right of the attorney to have his fee determined in the main action, and to have substitution made conditional on payment, to the class of cases in which the fee is "contingent upon the recovery of money".

The rule prescribed by the amendment also differs from that prevailing in other jurisdictions in that it is, in terms, mandatory. Other jurisdictions recognize a discretionary right in the court upon ordering substitution, to postpone the matter of attorney's fees to subsequent determination in the main action or in an independent suit. (*Marshall* v. *Romano,* 10 N. J. Misc. 113 [158 Atl. 751]; *Yuengling* v. *Betz,* 58 App.

Div. 8 [68 N. Y. Supp. 574] ; *United States* v. *McMurtry,* 24 Fed. (2d) 145; *Vosges Syndicate* v. *Everglades Club Co.,* 122 Fla. 267 [164 So. 881].) This is a matter of some importance. The determination of a dispute between attorney and client may extend beyond the time when steps are required by law to be taken in the main action, especially if an appeal is taken from the trial court's determination of the fee. In some jurisdictions the attorney has been given protection where it is important that proceedings in the main action be not delayed by requiring the client to file a bond, conditioned on payment of the attorney in the event it is subsequently determined he has been wrongfully discharged. (*Marshall* v. *Romano, supra; Yuengling* v. *Betz, supra; United States* v. *McMurtry, supra.*) The 1935 amendment would seem not to give our courts discretion to refuse to determine the attorney's fee in a particular case upon ordering substitution.

It is settled in this state that where a cause is pending an appeal, substitution is to be effected by order of the appellate court. (*Wright* v. *Security First Nat. Bank, supra; Jacobus* v. *Jacobus, supra.*) Hence the effect of the 1935 amendment is to impose on the appellate courts the burden of determining, in the first instance, disputes between attorneys and clients in cases pending on appeal.

This brings us to petitioner's main contention, that the amendment is special legislation and therefore unconstitutional in that it requires the client to submit to determination of his discharged attorney's fee in the main action in those cases only where the fee is "contingent upon the recovery of money". In *Cassel* v. *Gregori, supra,* the Appellate Department, Superior Court of Los Angeles County, upheld this contention, Judge Shaw writing the opinion, as follows:

" . . . passing by the question whether contingent fee cases as a whole would constitute a separate class justifying special provisions regarding attorney's fees, we entertain no doubt that the special classification of contingent fee cases made by this statute is arbitrary and invalid. The probable purpose of the amendment . . . is to protect attorneys who have contingent fee agreements from possible efforts of their clients to dismiss them without payment of fees. For this

purpose, no substantial difference exists between a case where the contingency depends on the payment of money and many other contingency cases. The contingency may be the recovery of property other than money; and granting that in such a case, where the attorney's fee is to be a share of the property, he may have an interest in that property which he can follow (*Kelly* v. *Smith*, (1928) 204 Cal. 496, 500 [268 Pac. 1057]), and is then not so much in need of protection, yet there are many other possible contingencies not covered by the statute. Even where recovery of property is the contingency, the fee may not be a share of that property; and the contingency may be the successful defense of an action or the establishment of the client's rights with no recovery at all. If the attorney needs protection against his client, why should he not have it in these cases, as well as in that covered by the statute?''

The court concluded its discussion with the statement that there was no natural, intrinsic or constitutional distinction justifying such discrimination and that the amended portion of the statute was, therefore, void. We are in accord with this conclusion.

■ It cannot be said that contracts for an attorney fee contingent on the recovery of money are usually entered into with clients who are without funds, and hence employment under such contracts calls for special protection of the attorney through authority in the court to make substitution dependent upon payment of the reasonable value of his services to date, since one of the most common instances of employment under such contracts is in connection with claims for personal injuries, where employment is frequently under such a contract regardless of the financial status of the client.

■ An attorney discharged without cause may recover the reasonable value of his services to date in an action brought for that purpose. (*Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]; *Neblett* v. *Getty*, 20 Cal. App. (2d) 65 [66 Pac. (2d) 473]; *Lessing* v. *Gibbons*, 6 Cal. App. (2d) 598 [45 Pac. (2d) 258].) Or he may sue for the fee contracted to be paid. (*Zurich General Acc. etc. Co.* v. *Kinsler*, 12 Cal. (2d) 98 [81 Pac. (2d) 913]; *Webb* v. *Trescony*, 76 Cal. 621 [18 Pac. 796]; *Countryman* v. *California Trona Co.*, 35 Cal. App. 728 [170 Pac. 1069].) If the fee agreed to be paid is con-

tingent on the recovery of money or other property, the right of the discharged attorney to sue for the agreed fee does not arise until recovery through the services of the substituted attorney. (*Bartlett* v. *Odd Fellows' Sav. Bank,* 79 Cal. 218 [21 Pac. 743, 12 Am. St. Rep. 139].)

It is unnecessary here to consider petitioner's contention that the 1935 amendment is unconstitutional for the additional reason that it denies a jury trial. Said section would seem to contemplate that the court sitting without a jury should determine the attorney's fee. Where substitution pending appeal is made in an appellate court this would necessarily be so, since a jury does not exist as an adjunct of our appellate courts. The right of trial by jury is guaranteed by our Constitution (art. I, sec. 7) only in those cases where it existed at common law. (*Pomeroy* v. *Collins,* 198 Cal. 46, 70 [243 Pac. 657] ; *In re Escover,* 108 Cal. App. 697 [292 Pac. 167] ; *Gregory* v. *Hecke,* 73 Cal. App. 268, 283 [283 Pac. 787] ; 15 Cal. Jur. 325.) The English courts exercised the right to order the client to pay his attorney as a condition of substitution. (*Witt* v. *Amiss,* 8 L. T. N. S. 425; *Langley* v. *Stapleton, supra;* Weeks on Attorneys at Law, 2d ed., 518.) Whether they recognized a right of trial by jury in such matters is a question to which counsel herein have not directed their research. It is not necessary to determine the matter here, in view of our conclusion that the 1935 amendment is unconstitutional on other grounds.

It follows that petitioner is entitled to an order of substitution without determination of the compensation to which her attorney may be entitled. Let the writ of mandate issue as prayed for.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Houser, J., concurred.