[S. F. No. 15245. In Bank.—February 13, 1935.]

MERLE P. O'CONNELL, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Morris Oppenheim for Petitioner.

Gregory, Hunt & Melvin and Aaron N. Cohen for Respondent.

WASTE, C. J.—This is an application for a writ of mandate to be directed to the respondent superior court and compelling it to grant a motion, duly made, for substitution of attorneys in an action therein pending. The respondent has answered and demurred generally to the petition. Counsel of record in the court below refused to join in a stipulation substituting him out of the case and opposed the motion for substitution of attorneys on the ground that petitioner had theretofore, and in writing, conferred on him an irrevocable agency or power coupled with an interest in the subject-matter of the action. The respondent court obviously agreed with this contention in denying the motion for a substitution.

It appears that in 1923 the petitioner had procured from her then husband, Elmer O. O'Connell, an assignment of all his "right, title and interest in and to the proceeds of the production of oil, gas and other kindred substances" taken from certain designated real property. Subsequently the parties were divorced. At a later date, petitioner apparently concluded that she had not been receiving all she was entitled to under the terms of said assignment, whereupon she employed Aaron N. Cohen, the attorney here sought to be substituted out, to commence an action looking to the protection of her rights. Accordingly, a complaint was filed, naming as defendants the petitioner's divorced husband and an oil company, wherein it is alleged that said individual defendant, in violation of petitioner's rights under the assignment above referred to, had received from the corporate defendant proceeds from the production of oil, gas and other kindred substances, in an amount of $66,911.42. The complaint concludes with a prayer for judgment in that amount and for an adjudication that petitioner is entitled to receive all other of such proceeds as may hereafter accrue.

At the time of employing said attorney, and prior to the filing of the complaint, petitioner and counsel entered into the written agreement giving rise to this proceeding. It reads:

"San Francisco, California,
"December 10, 1930.

"I, Merle P. O'Connell, hereby employ Aaron N. Cohen as my attorney to proceed against Elmer O. O'Connell in the matter of the correction of an erroneously drawn assignment.

"I agree to pay my said attorney one-half (1–2) of all that he may collect or recover by suit or compromise, and I give him full power to compromise.

"I hereby assign to my said attorney as his compensation one-half (1–2) of my interest, whatever that interest is now or may become, under that certain assignment recorded in Book 2534, at page 70, of Official Records in the office of the County Recorder in Los Angeles County, California.

"I agree that said attorney may abandon said employment at any time by waiving compensation for his services till then performed in said matter.

"MERLE P. O'CONNELL.

"I accept the above employment on the above terms.

"AARON N. COHEN."

Section 284 of the Code of Civil Procedure provides that the attorney in an action or special proceeding may be changed at any time upon consent of both client and attorney or upon the order of the court upon the application of either client or attorney, after notice from one to the other. By virtue of this code section, it is now settled in this state that in the absence of any relation of the attorney to the subject-matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action and the fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right. (*Gage* v. *Atwater*, 136 Cal. 170 [68 Pac. 581].) In the event his discharge is improper or without just cause, adequate remedies are available to the attorney by which he may seek reimbursement for such services and outlays on behalf of the client. (*Kirk* v. *Culley*, 202 Cal. 501, [261 Pac. 994].)

However, to the rule that a client may discharge his attorney at any time, there is a well-recognized exception where the attorney has an interest in the subject-matter of the litigation. (*Todd* v. *Superior Court*, 181 Cal. 406, 413

[184 Pac. 684, 7 A. L. R. 938] ; *Kirk* v. *Culley, supra,* 505; *Kelly* v. *Smith,* 204 Cal. 496, 500 [268 Pac. 1057] ; *Scott* v. *Superior Court,* 205 Cal. 525, 531, 532 [271 Pac. 906] ; *Atchison* v. *Hulse,* 107 Cal. App. 640, 644 [290 Pac. 916].) The leading definition of the character of "interest" essential, when coupled with a power, to make the latter irrevocable, appears in the early and leading case of *Hunt* v. *Rousmanier,* 8 Wheat. (21 U. S.) 174, 203 [5 L. Ed. 589], wherein, Chief Justice Marshall writing the opinion, it is declared: "Is it an interest in the subject on which the power is to be exercised or is it an interest in that which is produced by the exercise of the power? We hold it to be clear, that the interest which can protect a power, after the death of a person who creates it, must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing. The words themselves would seem to import this meaning. 'A power coupled with an interest,' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. But, if we are to understand by the word 'interest' an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised, and by its exercise, is extinguished. The power ceases, when the interest commences, and therefore, cannot, in accurate law language, be said to be 'coupled' with it."

This definition has been generally recognized and accepted and has received the unqualified approval of this court. (*McColgan* v. *Bank of California Assn.,* 208 Cal. 329, 335 [281 Pac. 381, 65 A. L. R. 1075] ; *Kunz* v. *Anglo & L. P. Nat. Bank,* 214 Cal. 341, 344 [5 Pac. (2d) 417] ; *Capital Nat. Bank* v. *Stoll,* 220 Cal. 260, 264 [30 Pac. (2d) 411].) The decisions agree that for a power to be coupled with an interest, so as to be irrevocable, there must be a specific, present and coexisting interest in the subject of the power or agency. Whether such an interest exists in any particular case is to be determined from the entire agreement between the parties. (*Todd* v. *Superior Court, supra,* 418.) In the cited case the agreement between the parties though purporting to "assign" all of the subject of the power to the attorney-in-fact, and expressly declaring it to be the intention of the constituents to thereby create a power of

attorney coupled with an interest, was held, when taken by its four corners, to constitute but ''an assignment in trust to the attorney in fact in order to facilitate the collection of the legacies, and to insure the reimbursement of the attorney in fact for his outlays, and for compensation for his services. . . . The assignment, in other words, created a present interest in the legacies, but only in the sense we have indicated—to the extent of reimbursements and compensation. But this does not render the power irrevocable. The mere expression, 'a power coupled with an interest', does not necessarily render the power irrevocable. It is plain from the foregoing authorities that the interest which the attorney in fact must have in the subject of the power in order to render the power irrevocable is such a beneficial interest in the thing itself, apart from the proceeds that if the power were revoked he would be deprived of a substantial right. In other words, the relation of the attorney in fact to the subject-matter must be such that a revocation of the power would be inequitable. Such is not the case here. The interest in the proceeds of what may be collected is not, strictly speaking, a beneficial interest in the legacies. The interest is nothing more than an assurance that the attorney in fact will be reimbursed and compensated out of the legacies when collected. A revocation of the power would in no way deprive the attorney in fact of any right, for the reason that he is entitled to be reimbursed for any sums expended by him and to be compensated out of the legacies for any services rendered under the power up to the time of revocation.''

The contract of employment involved in the present case, and set forth above, cannot, when construed as a whole, be said to transfer and assign to the attorney a present and coexisting interest in the subject of the agency or power even though a particular paragraph thereof, to be hereinafter referred to, contains some language purporting to accomplish this result. The first paragraph of the agreement between the parties merely provides for the employment of the attorney. By the terms of the second paragraph the client agrees to pay the attorney ''one-half (1–2) of all that he may collect or recover by suit or compromise''. Under the authorities above cited, this language does not create an ''interest'' in the subject of the agency or power but, on

the contrary, evidences quite clearly the intention of the parties that the attorney shall have but a one-half interest in the "proceeds" derived from the exercise of the power. This, as we have shown, is insufficient to couple the agency or power with an interest. Under the provisions of its third paragraph, the agreement purports to "assign" to the attorney a one-half interest in the subject of the agency or power but very definitely indicates that such purported assignment is made "as his compensation" for properly discharging the obligations of the agency or power conferred on him. Obviously, the attorney does not merit, nor is he entitled to, such compensation unless and until he has so discharged the responsibilities of the agency or power. This being so, the agency or power is exhausted and expended when, for the first time, he is entitled to his compensation for which the purported assignment was made. In other words, the agency or power and the "interest" do not, and under the circumstances cannot, coexist. That is to say, they are not "coupled" within the meaning of the authorities. It is immaterial, therefore, that the agreement, as was also the situation in the case just above quoted from, employs language which when taken literally, and completely disassociated from other portions thereof, tends to give some support to respondent's conclusion. Our construction of the third paragraph of the agreement is consistent with, and tends to give effect to, the preceding paragraph wherein, as we have seen, the attorney is merely given an interest in the "proceeds" arising upon a discharge of the agency or power. This reasoning is likewise consistent with the final paragraph of the agreement wherein the attorney is authorized to "abandon said employment at any time by waiving compensation for his services". It can hardly be said that the language of the third paragraph assigns, or was intended to assign, a present, coexisting beneficial interest in the subject of the agency or power, within the meaning of the decisions, when the party claiming such assignment is free to abandon such agency or power, at his will, thereby waiving the "compensation" for which the asserted assignment was made.

The respondent refers us to certain language appearing in *Todd* v. *Superior Court, supra,* just above quoted from, to the effect that "the case would be quite different if, in

addition to providing for reimbursements and compensation, the contract vested in the attorney in fact a definite share in the ownership of the legacies''. That this language lends no support to respondent's theory in the present case is immediately apparent when it is read and considered in connection with the remainder of the decision in that case wherein, as already shown, it is declared that when the assignment ''created a present interest in the legacies'' only to the ''extent of reimbursements and compensation'', the agent's interest was not a ''beneficial'' one and the agency or power was revocable.

■ In view of our conclusion, it is immaterial for present purposes that the petitioner seeks a substitution of attorneys for the purpose, as asserted by respondent, of dismissing the action therein pending to the alleged detriment of her counsel.

The demurrer is overruled and the writ is made peremptory.

Curtis, J., Langdon, J., Preston, J., Shenk, J., and Thompson, J., concurred.

Rehearing denied.