[L. A. No. 16681.   In Bank.—March 14, 1939.]

S. B. WRIGHT et al., Appellants, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

Morris Lavine for Movants.

Homer C. Compton in Opposition to Motion.

WASTE, C. J.—The plaintiffs and appellants have moved this court for a substitution of Morris Lavine as attorney in the place and stead of their present attorney, Homer C. Compton, who opposes such substitution. Franklin P. Bull, who appeared as cocounsel in the trial court for plaintiffs and appellants joined in a stipulation that substitutes Lavine as attorney for appellants in his place and stead. ██ As the cause in which the substitution is sought is now pending on appeal in this court, this is the proper forum in which to seek such relief. (*Jacobus* v. *Jacobus*, 208 Cal. 562, 563 [282 Pac. 796] ; *Estate of Cazaurang*, 1 Cal. (2d) 712, 717 [36 Pac. (2d) 1069].)

██ The action in which the substitution is sought is one in ejectment to recover the possession of real property. Attorney Compton, whom it is here sought to oust, instituted the same on behalf of the plaintiffs under a written contract of employment by the terms of which he and his former associate herein (Franklin P. Bull who, as stated, voluntarily

stepped aside), were to receive "as a consideration . . . for their services as attorneys . . . fifty per cent (50%) of *whatever amount is recovered* either by suit, judgment or compromise either of money, rent or property *which may be recovered*" and the plaintiffs "do by these presents assign and set over . . . fifty per cent (50%) of any interests which they may have or which they may recover *in said litigation*" and any advancements by said attorneys for costs and expenses of the litigation "shall be chargeable and deductible from *whatever interest is recovered*" by the plaintiffs and "in the failure to recover any valuable thing from the claims as above set forth, the said [attorneys] should not be entitled to compensation for their services and the [plaintiffs] shall not be obligated to pay for such services."

Even the most cursory examination of the provisions of the contract of employment between plaintiffs and attorneys Compton and Bull discloses that such contract merely granted or assigned to the attorneys for any and all legal services performed an interest in and to the fruits or proceeds derived from such services. In other words, the contract represents nothing more than the ordinary contingent contract and does not give rise to or create a power coupled with an interest within the meaning of the authorities. In the language of *Scott* v. *Superior Court,* 205 Cal. 525, 532 [271 Pac. 906], attorney Compton's "interest was only a right to share the proceeds which might result from the execution of his power. He did not have a power coupled with an interest." Hence, under well-established principles, plaintiffs and appellants are free to discharge him and to substitute new counsel in his place and stead. (Sec. 284, Code Civ. Proc.; *Todd* v. *Superior Court,* 181 Cal. 406, 413–420 [184 Pac. 684, 7 A. L. R. 938]; *Kirk* v. *Culley,* 202 Cal. 501, 505 [261 Pac. 994]; *Scott* v. *Superior Court, supra; Estate of Cazaurang,* 1 Cal. (2d) 712, 714 [36 Pac. (2d) 1069]; *O'Connell* v. *Superior Court,* 2 Cal. (2d) 418, 421 [41 Pac. (2d) 334, 97 A. L. R. 918].) In the case last cited the subject is briefly summarized in the following manner:

"Section 284 of the Code of Civil Procedure provides that the attorney in an action or special proceeding may be changed at any time upon consent of both client and attorney or upon the order of the court upon the application of either client or attorney, after notice from one to the other. By virtue of this code section, it is now settled in this state that in

the absence of any relation of the attorney to the subject-matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action and the fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right. (*Gage* v. *Atwater,* 136 Cal. 170 [68 Pac. 581].) In the event his discharge is improper or without just cause, adequate remedies are available to the attorney by which he may seek reimbursement for such services and outlays on behalf of the client. (*Kirk* v. *Culley,* 202 Cal. 501 [261 Pac. 994].) ''

The last sentence of the foregoing quotation presents the solution to attorney Compton's argument herein that he should not be removed from the case until he has been reimbursed for the services and outlays on behalf of the plaintiffs and appellants. As stated in the quotation, if his discharge by his clients is improper and without just cause, ''adequate remedies are available to [him] by which he may seek reimbursement for such services and outlays''.

Nor do we find it presently necessary to consider or pass upon the validity of the 1935 amendment to section 284, *supra,* or its effect in certain instances upon the settled principles herein stated as to the right of a client to discharge his attorney, for the very good reason that said amendment is without application to a case of this character. As indicated above, section 284 had long recognized that in the absence of the existence of a power coupled with an interest, an attorney ''may be changed at any time. . . . 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other.'' In 1935, however, said subdivision was amended by adding thereto an exception in the following language: ''except that in all civil cases in which the fee or compensation of the attorney is contingent *upon the recovery of money,* in which case the court shall determine the amount and terms of payment of the fee or compensation to be paid by the party''. As stated earlier in this opinion, the action which is now in this court on appeal and in which the substitution is sought, is one in ejectment for the recovery of the possession of real property and it is not, therefore, one for the ''recovery of money'' within the meaning of the amendment to the code section. Upon

the oral argument of this motion, attorney Compton admitted, and the transcript on appeal shows, that the action is one in ejectment. In fact, upon such oral argument, attorney Compton conceded, in response to a query of one of the members of this court, that he was not relying on the exception provided by the 1935 amendment to the code section but, in effect, was relying on other considerations of law and equity to reimburse him for his services and outlays prior to his removal as attorney for plaintiffs and appellants herein. But, as stated above, other remedies are available to him in the event his discharge herein by his clients is improper and without cause. Nor do we think it material that his contract of employment contemplated a possible recovery of money for and on behalf of plaintiffs and appellants. We cannot here concern ourselves with litigation that attorney Compton may have been authorized to but did not institute on behalf of his clients. Our inquiry is limited to the litigation that he has actually instituted under his contract of employment with the plaintiffs and appellants. The litigation actually commenced by him and in which he is to be replaced by another, as already shown, is an action in ejectment for the recovery of the possession of real property and is not an action for the "recovery of money" within the exception provided in section 284, *supra,* upon which exception we need not further dwell.

It is, therefore, ordered that Morris Lavine be substituted as attorney of record for the appellants herein in the place and stead of the attorneys now appearing of record for said appellants.

Curtis, J., Langdon, J., Houser, J., Seawell, J., Edmonds, J., and Shenk, J., concurred.