[Civ. No. 9703.   Third Dist.   Mar. 9, 1960.]

GEORGE HOULT, Respondent, v. L. MILLS BEAM et al., Defendants; ARTHUR C. ARNOLD, Appellant.

Arthur C. Arnold, in pro. per., for Appellant.

Karl G. Kappel for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting plaintiff's motion for a substitution of attorneys. Appellant had been the sole attorney of record for plaintiff and the cause had proceeded beyond the point of a pretrial conference order.

Appellant had been employed by a written agreement with respondent Hoult, whereunder appellant was to take whatever action he deemed appropriate against L. Mills Beam and others to obtain a termination of Beam's rights as lessee of mining claims owned by Hoult, and to obtain from Beam and others an accounting of minerals removed from the leased claims. It was agreed that appellant's compensation, whether results were obtained by compromise or through judgment, should be "A deed to an undivided 1/20th interest in the subject property described in aforesaid lease, a 1/20th royalty of all minerals extracted from said premises and fifty percent of the recovery of all money or other thing of value recovered from L. Mills Beam or others incident to any compromise or judgment for damages or loss for breach by him of said lease." The agreement as executed required Hoult to furnish litigation costs. It was modified by a second agreement which, in consideration of appellant's agreement to furnish costs, provided that appellant was to receive an additional 20 per cent interest in the mining claims. Hoult, pursuant to the employment agreement as amended, conveyed to appellant the agreed 25 per cent interest in the claims.

Appellant resisted plaintiff's application to the court for an order substituting attorneys and the matter was heard. The court granted the motion for substitution, ordered that appellant be relieved from further duties in connection with the litigation and ordered that he retain a 5 per cent interest in the mining property and that he be allowed $350 for costs already advanced. From that order this appeal is taken.

The order granting a substitution was proper and must be affirmed. (*Echlin* v. *Superior Court,* 13 Cal.2d 368 [90 P.2d 63, 124 A.L.R. 719]; *O'Connell* v. *Superior Court,* 2 Cal.2d 418 [41 P.2d 334, 97 A.L.R. 918]; see also 6 Cal.Jur.2d, pp. 360-366, "Attorneys at Law," §§ 172-174.) The client is entitled to substitution without cause. (*Echlin* v. *Superior Court, supra,* p. 372.) But if the discharge is without cause the client is liable for compensation and damages. (*Id.*) "Only where the attorney has a 'power coupled

with an interest,' must he be retained, and an interest in and to the fruits or proceeds to be derived from the action is not such a power." (*O'Connell* v. *Superior Court, supra*; *Wright* v. *Security-First Nat. Bank*, 13 Cal.2d 139 [88 P.2d 125]; *Echlin* v. *Superior Court, supra*.) This is consistent with the rule as to agents generally. (Civ. Code, § 2356.)

■ It is apparent from the employment agreement that appellant was to receive, as compensation for services to be rendered through the exercise of the power or agency, a conveyance of 25 per cent of the mining claims and a percentage of any money recovery from the accounting sought. Therefore there existed here no "power coupled with an interest" within the meaning of the term as defined by the cited cases. The fact that for the promised exercise of the power, and prior to its exhaustion by complete performance of appellant's duties thereunder, appellant received part of the consideration did not create a "power coupled with an interest" so that he could not thereafter be discharged without cause.

■ The order appealed from provides that appellant "retain a 5% interest in the mining property, and $350 be allowed him for costs." The court was without power to fix appellant's compensation as a part of the proceeding to terminate appellant's authority as attorney of record. Although section 284 of the Code of Civil Procedure does in terms provide that in civil cases in which the fee or compensation of the attorney is contingent upon the recovery of money, the court shall, upon ordering substitution, determine the amount and terms of payment of the fee or compensation to be paid by the party, nevertheless that portion of the section was declared unconstitutional and void by the Supreme Court in *Echlin* v. *Superior Court, supra.*

That portion of the order which grants substitution of attorneys and terminates appellant's authority as attorney of record for respondent is affirmed; in all other respects the order is reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 6, 1960, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1960. Schauer, J., and Peters J., were of the opinion that the petition should be granted.