[Civ. No. 19964. First Dist., Div. One. Sept. 14, 1961.]

REDEVELOPMENT AGENCY OF THE CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; DION R. HOLM, as City Attorney, etc., Real Party in Interest.

592

Henry F. Davis for Petitioner.

Dion R. Holm, City Attorney, for Respondent and Real Party in Interest.

BRAY, P. J.—Petition for writ of mandate to command respondent superior court to grant certain motions to substitute attorney in two pending actions.

### QUESTION PRESENTED

Has the City and County of San Francisco such an interest in the specified condemnation actions brought by the Redevelopment Agency as to entitle its city attorney to remain as an attorney of record in said actions?

### RECORD

Petitioner, Redevelopment Agency, brought two actions under its power of eminent domain, to condemn certain lands in the City and County of San Francisco belonging to third parties. Dion Holm, the City Attorney, is the attorney of record in those actions. On March 3, 1961, petitioner, pursuant to a resolution adopted by it, tendered to Holm a form of substitution of attorney in each action requesting his consent to the substitution of petitioner's general counsel, Henry F. Davis, in Holm's place. Holm declined to consent. Thereupon petitioner moved the superior court for substitution of attorney in each of said actions. Holm objected to such substitution, stating, however, that he had no objection to Davis' being associated with him as an attorney of record in each action. The superior court denied the motions for substitution. Thereupon petitioner petitioned this court for a writ of mandate to compel such substitution.

### INTEREST OF THE CITY AND COUNTY OF SAN FRANCISCO

Petitioner is the Redevelopment Agency of the City and County of San Francisco created and existing under the Com-

munity Redevelopment Law, division 24, part 1, Health and Safety Code, sections 33000 et seq. Title to a part of the land which petitioner is seeking to acquire in said condemnation actions will later be acquired by San Francisco from petitioner, in order for San Francisco to establish therein streets, playgrounds, etc. There are three separate "blighted" areas to be redeveloped. As to each, petitioner and San Francisco entered into a separate "Cooperation Agreement"; such agreements were made pursuant to the authority granted in sections 33000 et seq., Health and Safety Code, and various city ordinances and resolutions.

Petitioner claims the absolute right to discharge Attorney Holm and substitute its attorney for him in the condemnation actions, regardless of petitioner's relationship to San Francisco or Holm's relationship thereto. Holm, on the other hand, claims that a power coupled with an interest exists between San Francisco, as a municipal entity, and the subject matter of the actions, with him as the legal representative of San Francisco.

Both parties agree that a client has an absolute right to discharge his attorney without cause except when there reposes in the attorney a "power coupled with an interest" in the subject matter of the suit. (See *Todd* v. *Superior Court*, 181 Cal. 406 [184 P. 684, 7 A.L.R. 938]; *O'Connell* v. *Superior Court*, 2 Cal.2d 418 [41 P.2d 334, 97 A.L.R. 918]; *Echlin* v. *Superior Court*, 13 Cal.2d 368 [90 P.2d 124 A.L.R. 719]; *Hoult* v. *Beam*, 178 Cal.App.2d 736 [3 Cal.Rptr. 191]; *Wright* v. *Security-First Nat. Bank*, 13 Cal.2d 139, 142 [88 P.2d 125].)

Petitioner is empowered by section 33265, Health and Safety Code, to employ its own attorney.

Section 33231.5, Health and Safety Code, provides in part: "An agency is authorized to delegate to a community any of the powers or functions of the agency with respect to the planning or undertaking of a redevelopment project in the area in which such community is authorized to act, and such community is hereby authorized to carry out or perform such powers or functions for the agency."

Each "Cooperation Agreement" provided in part:* "Now, THEREFORE, in consideration of the mutual covenants hereinafter set forth, the Agency and the City agree: . . .

---

*See *Housing Authority* v. *City of Los Angeles* (1952), 38 Cal.2d 853 [243 P.2d 515], for validity of a similar agreement between the housing authority and the city of Los Angeles.

"3. The Agency agrees to use the services and facilities of the City Attorney . . . to the maximum extent possible in the execution of the Redevelopment Plan for the Embarcadero-Lower Market Approved Redevelopment Project Area E-1."

This agreement, in effect, is a contract for hire of the services and facilities of the city attorney's office. As such, it extends the power to the City Attorney of San Francisco (the community) to conduct litigation and perform various other legal functions for the effectuation of the plan specified in the agreement "to the maximum extent possible . . ." Thus, power has been delegated and assumed, under authority of section 33231.5 of the Health and Safety Code.

Section 26 of the San Francisco charter provides: "The City Attorney *must* represent the City and County in all actions and proceedings *in which it may be legally interested* . . ." (Emphasis added.) Holm, insofar as he acts for the agency, cannot be considered an independent agent or attorney acting in his own right. As city attorney, he is but the legal arm of the community body (the municipality) and by virtue of the city charter, under a duty to represent the municipality in all actions and proceedings in which it is legally interested. Under the Cooperation Agreement it is San Francisco which is the party to the agreement and the one for whom the power was given. The interest of the city and county is that which must be examined in connection with the power for it is the municipal entity which is the attorney in fact.

The question then becomes, does San Francisco have such an interest in the subject matter of the litigation that when coupled with the power granted under the Cooperation Agreement, that delegated power, or agency, becomes irrevocable so as to prohibit discharge or substitution of its attorney without cause? The agreement clearly indicates that San Francisco has become obligated thereunder to provide large amounts of money in the furtherance of the redevelopment of the specified areas, plus certain "non-cash grants-in-aid" and the location and construction of certain streets and public places. An example of San Francisco's interest appears in section 11 of ordinance 301-59 in which San Francisco agrees to provide cash and noncash grants-in-aid to equal not less than one-third of the aggregate net costs of the three projects. Thus, San Francisco will be paying one-third of the amounts assessed in the condemnation suits in question.

In *Redevelopment Agency* v. *Hayes* (1954), 122 Cal.App.2d 777, 796-797 [266 P.2d 105], we pointed out that blighted areas

range the whole spectrum of social and economic interests of a community, affecting the health, safety and general welfare of the people of the community. Such interests are vital to the community or municipality. The interests are no less specific by being multiple. San Francisco, the donee of the power, has a preexisting, coexisting, and continuously subsisting interest in such matters which are the subject of the power, as well as a monetary interest.

The "interest" of a municipality in a situation of this kind is widely different from that of an individual. In the cases dealing with the interest of an individual which prevents his removal as an attorney in litigation, the courts state that the interest must preexist or coexist with the power, and must be independent of the power. "In other words, the power must be engrafted on an estate in the thing" (*Todd* v. *Superior Court, supra,* 181 Cal. 406, 414) rather than be an "interest" which is produced by the exercise of the power (*Todd, supra,* p. 415).

Here San Francisco's interest preexists and coexists with the litigation and is independent of the power granted it under the Cooperation Agreement and is of such a nature that it must have its attorney handle the litigation. It is not only that San Francisco has become obligated to spend funds that gives it its interest, but the benefits to be derived from the expenditure of those funds, namely, the health, safety and general welfare of its citizens, which are the real "interest" upon which the power is engrafted.

In the *Todd* and *O'Connell* cases, *supra,* it was held that the interest of the attorney necessary to preclude his substitution must contain three elements: (1) the interest must be specific; (2) the interest must be in the subject matter of the litigation; and (3) the interest must be beneficial. All these elements are met with so far as San Francisco is concerned. The fact that these elements do not apply to Holm individually is of no consequence. They do apply to him in his representative capacity as city attorney, a capacity in which petitioner has empowered him to act in this case.

The alternative writ is discharged and the petition denied.

Tobriner, J., and Duniway, J., concurred.

Petitioner's application for a rehearing was denied October 3, 1961, and its application for a hearing by the Supreme Court was denied November 8, 1961.